006908.000266

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-80446-CV-BLOOM

JANE DOE NO. 60,

    Plaintiff,

v.

G-STAR SCHOOL OF THE ARTS, INC., a
Florida not for profit corporation,

    Defendant.
_____/

**DEFENDANT'S, G-STAR SCHOOL OF THE ARTS, INC.,
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED
COMPLAINT AND DEMAND FOR JURY**

COMES NOW the Defendant, G-STAR SCHOOL OF THE ARTS, INC., by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this, their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states as follows:

1. Defendant denies the allegations contained within Paragraph 1 of the Amended Complaint.

2. Defendant has insufficient knowledge of the allegations contained within Paragraph 2 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

3. Defendant admits the allegations contained within Paragraph 3 of the Amended Complaint.

4. Defendant denies the allegations contained within Paragraph 4 of the Amended Complaint as phrased.

5. Defendant has insufficient knowledge of the allegations contained within Paragraph 5 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

6. Defendant has insufficient knowledge of the allegations contained within Paragraph 6 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

7. Defendant has insufficient knowledge of the allegations contained within Paragraph 7 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

8. Defendant has insufficient knowledge of the allegations contained within Paragraph 8 of the Amended Complaint, and therefore denies the same and demands strict proof thereof.

9. Defendant denies the allegations contained within Paragraph 9 of the Amended Complaint.

10. Defendant denies the allegations contained within Paragraph 10 of the Amended Complaint.

11. Defendant denies the allegations contained within Paragraph 11 of the Amended Complaint.

12. Defendant denies the allegations contained within Paragraph 12 of the Amended Complaint.

13. Defendant denies the allegations contained within Paragraph 13 of the Amended Complaint.

14. Defendant denies the allegations contained within Paragraph 14 of the Amended Complaint.

15. Defendant denies the allegations contained within Paragraph 15 of the Amended Complaint.

16. Defendant denies the allegations contained within Paragraph 16 of the Amended Complaint.

17. Defendant denies the allegations contained within Paragraph 17 of the Amended Complaint.

18. Defendant denies the allegations contained within Paragraph 18 of the Amended Complaint.

19. Defendant denies the allegations contained within Paragraph 19 of the Amended Complaint.

20. Defendant denies the allegations contained within Paragraph 20 of the Amended Complaint.

21. Defendant denies the allegations contained within Paragraph 21 of the Amended Complaint.

22. Defendant denies the allegations contained within Paragraph 22 of the Amended Complaint.

23. Defendant denies the allegations contained within Paragraph 23 of the Amended Complaint.

24. Defendant denies the allegations contained within Paragraph 24 of the Amended Complaint.

25. Defendant denies the allegations contained within Paragraph 25 of the Amended Complaint.

26. Defendant denies the allegations contained within Paragraph 26 of the Amended Complaint.

27. Defendant denies the allegations contained within Paragraph 27 of the Amended Complaint.

28. Defendant denies the allegations contained within Paragraph 28 of the Amended Complaint.

29. Defendant denies the allegations contained within Paragraph 29 of the Amended Complaint.

30. Defendant denies the allegations contained within Paragraph 30 of the Amended Complaint.

## **COUNT I – NEGLIGENCE**

31. Defendant hereby realleges its responses to Paragraphs 1 through 30 as if fully set for herein.

32. Defendant denies the allegations contained within Paragraph 32 of the Amended Complaint as phrased.

33. Defendant denies the allegations contained within Paragraph 33 of the Amended Complaint as phrased.

34. Defendant denies the allegations contained within Paragraph 34 of the Amended Complaint.

35. Defendant denies the allegations contained within Paragraph 35 of the Amended Complaint as phrased.

36. Defendant denies the allegations contained within Paragraph 36 of the Amended Complaint.

37. Defendant denies the allegations contained within Paragraph 37 of the Amended Complaint.

38. Defendant denies the allegations contained within Paragraph 38 of the Amended Complaint.

39. Defendant denies the allegations contained within Paragraph 39 of the Amended Complaint.

40. Defendant denies the allegations contained within Paragraph 40 of the Amended Complaint.

41. Defendant denies the allegations contained within Paragraph 41 of the Amended Complaint.

42. Defendant denies the allegations contained within Paragraph 42 of the Amended Complaint.

43. Defendant denies the allegations contained within Paragraph 43 of the Amended Complaint.

44. Defendant denies the allegations contained within Paragraph 44 of the Amended Complaint.

45. Defendant denies the allegations contained within Paragraph 45 of the Amended Complaint.

46. Defendant denies the allegations contained within Paragraph 46 of the Amended Complaint as phrased.

47. Defendant denies the allegations contained within Paragraph 47 of the Amended Complaint as phrased.

48. Defendant denies the allegations contained within Paragraph 48 of the Amended Complaint.

49. Defendant denies the allegations contained within Paragraph 49 of the Amended Complaint.

## COUNT II – VIOLATION OF TITILE IX, EDUCATION AMENDMENTS OF 1972 – 20 U.S.C. §1681 ET SEQ.

50. Defendant hereby realleges its responses to Paragraphs 1 through 30 as if fully set for herein.

51. Defendant admits the allegations contained within Paragraph 51 of the Amended Complaint.

52. Defendant denies the allegations contained within Paragraph 52 of the Amended Complaint as phrased.

53. Defendant denies the allegations contained within Paragraph 53 of the Amended Complaint.

54. Defendant denies the allegations contained within Paragraph 54 of the Amended Complaint.

55. Defendant denies the allegations contained within Paragraph 55 of the Amended Complaint as phrased.

56. Defendant denies the allegations contained within Paragraph 56 of the Amended Complaint.

57. Defendant denies the allegations contained within Paragraph 57 of the Amended Complaint.

58. Defendant denies the allegations contained within Paragraph 58 of the Amended Complaint as phrased.

59. Defendant denies the allegations contained within Paragraph 59 of the Amended Complaint.

60. Defendant denies the allegations contained within Paragraph 60 of the Amended Complaint,.

61. Defendant denies the allegations contained within Paragraph 61 of the Amended Complaint

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state a claim upon which relief can be granted. Therefore, this Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12 (b)(6).

2. The injuries and damages claimed by Plaintiff, if any, resulted from an intervening and/or superseding cause and/or causes, and any action on the part of Defendant was not the proximate and/or competent producing cause of such alleged injures.

3. The incident alleged in Plaintiff's Amended Compliant could not be anticipated, and was, therefore, not reasonably foreseeable.

4. Without waiving any defenses, Defendant cannot be found to have violated Title IX because it

has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination.

5. Plaintiff has failed to mitigate her damages, if any.

6. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations.

7. Plaintiff's claim is barred for her failure to comply with the statutory requirements of notification of the School Board or the Department of Financial Services.

8. Defendant is entitled to sovereign immunity against Plaintiff's claim.

9. Defendant did not engage in any affirmative conduct to place Plaintiff in danger.

10. Defendant at all times acted reasonably and with a good faith belief that its actions were lawful and not in violation of any federal or state right.

11. Defendant respectfully reserves the right to supplement these Affirmative Defenses pending the completion of discovery in this matter.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial as to those issues which are so triable as a matter of right.

WHEREFORE, the Defendant, G-STAR SCHOOL OF THE ARTS, INC., having fully Answered Plaintiff's Amended Complaint, demands judgment in its favor, and against Plaintiff, JANE DOE NO. 60, together with all taxable fees and costs, and further demands trial by jury of all issues so triable as of right.

CASE NO.: 16-80446-CV-BLOOM
Page 7 of 8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Electronic Service to all parties on the attached Service List on May 26, 2016.

    MINTZER, SAROWITZ, ZERIS, LEDVA
    & MEYERS, LLP
    The Waterford at Blue Lagoon
    1000 N.W. 57th Court, Suite 300
    Miami, Florida 33126
    Phone: (305) 774-9966
    Fax:    (305) 774-7743
    Email: bdiamond@defensecounsel.com

By: _/s/ Barbara S. Diamond_
    BARBARA S. DIAMOND
    Florida Bar No. 0164488
    bdiamond@defensecounsel.com

    ADDISON J. MEYERS
    Florida Bar No. 267041
    ameyers@defensecounsel.com

CASE NO.: 16-80446-CV-BLOOM
Page 8 of 8

## SERVICE LIST

***Plaintiff Jane Doe NO. 60***
Jeff Herman, Esq.
Stuart S. Mermelstein, Esq.
HERMAN LAW
3351 NW Boca Raton Boulevard
Boca Raton, Florida  33431
Phone: (305) 931-2200
Facsimile: (305) 931-0877
Email:  jherman@hermanlwaw.com
smermelstein@hermanlaw.com