**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-80446-BLOOM/Valle**

JANE DOE NO. 60,

Plaintiff,

v.

G-STAR SCHOOL OF THE ARTS, INC.,

Defendant.
_____________________________/

**ORDER**

**THIS CAUSE** is before the Court upon Defendant G-Star School of the Arts, Inc.'s ("Defendant") Motion to Dismiss Count I of the Plaintiff's Amended Complaint, Alternative Motion for Partial Judgment on the Pleadings, ECF No. [28], and Plaintiff Jane Doe No. 60's ("Plaintiff") Motion to Dismiss or Strike Defendant's Amended Affirmative Defenses Numbers 1, 3, 6, 7, and 8, ECF No. [27]. For the reasons stated below, Defendant's Motion is granted and Plaintiff's Motion is denied.

## I. BACKGROUND

Plaintiff filed the instant action on March 21, 2016, alleging negligence (Count I) and violations of Title IX, 20 U.S.C. § 1681 *et seq.* (Count II). Compl., ECF No. [1]. On April 25, 2016, Plaintiff filed an Amended Complaint, ECF No. [6] ("Am. Compl."). Plaintiff alleges that she was sexually harassed and assaulted by her high school teacher at G-Star School of the Arts, Ismael Martinez. According to Plaintiff, throughout her sophomore year, Martinez "groomed" her to gain her trust and develop an inappropriate relationship with her. Am. Compl. ¶ 9. During the course of a tutoring session, a "sexual incident" took place between Plaintiff and Martinez.

*Id.* ¶ 11. Throughout Plaintiff's junior and senior year of high school, the inappropriate relationship continued, and by Plaintiff's senior year, Martinez had been promoted to Assistant Principal. *Id.* ¶¶ 13-14. Plaintiff alleges that during her sophomore year, school officials, specifically the school's CEO and Principal, learned of the inappropriate relationship and Plaintiff, then 15 years old, was asked to sign and subsequently did sign a document stating that she did not have an inappropriate relationship with a teacher. *Id.* ¶ 25. Later during her sophomore year, the school officials received additional information about the purported relationship between Martinez and Plaintiff and once again had Plaintiff sign a disclaimer denying a sexual relationship between Martinez and Plaintiff. *Id.* ¶ 25. Plaintiff alleges that the school never informed Plaintiff's parents about the reports or allegations of Martinez's inappropriate relationship with Plaintiff or that Plaintiff signed statements disclaiming such relationship. *Id.* ¶ 27.

Count I alleges that Defendant breached its duties to Plaintiff by failing to protect her from sexual assault, harassment, and lewd and lascivious acts committed upon Plaintiff while she was present on school grounds, during school hours, or during school-related activities. *Id.* ¶ 40. Plaintiff also alleges that Defendant breached its duties by failing to take corrective action or adequately investigate reports or allegations of sexual misconduct; hiring, retaining, and supervising Martinez; and failing to warn Plaintiff's parents that Plaintiff was in danger or at risk of sexual abuse at the school. *Id.* ¶¶ 41-42, 47.

Defendant moves to dismiss, or, in the alternative, for judgment on the pleadings, as to Count I, Plaintiff's claim for negligence, arguing that Plaintiff failed to provide pre-suit notice as required by statute. Defendant has filed an Answer and Amended Answer, ECF Nos. [13], [24]. Pursuant to Rule 12(b), "[a] motion to dismiss for failure to state a claim must be filed before

answering the complaint[,]" and the Court will therefore consider only Defendant's Motion for Judgment on the Pleadings. *O'Hagan v. M & T Marine Grp., LLC*, No. 06-61635-CIV, 2010 WL 503118, at *1 (S.D. Fla. Feb. 8, 2010) ("[T]he court may construe the motion to dismiss as a motion for judgment on the pleadings filed pursuant to Fed. R. Civ. P. 12(c).").

Plaintiff moves to dismiss or strike Defendant's first, third, sixth, seventh, and eighth affirmative defense.

## II. LEGAL STANDARD

### A. Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A party may move for judgment on the pleadings if there are no material facts in dispute. *Palmer & Cay, Inc. v. Marsh & McLennan Cos.*, 404 F.3d 1297, 1303 (11th Cir. 2005); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir. 2002). In rendering judgment, a court may consider the substance of the pleadings and any judicially noticed facts. *Termilus v. Marksman Sec. Corp.*, 2016 U.S. Dist. LEXIS 20356 (S.D. Fla. Feb. 19, 2016) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)).

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011). As such, a complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). When reviewing such a motion, a court, as a general rule, must accept the

plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). Dismissal is not appropriate unless the complaint lacks sufficient factual matter to state a facially plausible claim for relief that allows the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *See Twombly*, 550 U.S. at 556; *Walter Inv. Mgmt. Corp. v. Walter Energy, Inc.*, 2014 U.S. Dist. LEXIS 125835 (M.D. Fla. Sept. 9, 2014).

**B. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); see *also Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same). Irrespective of the Court's broad discretion, this ability to strike is considered to be drastic, and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland*

*Regional Medical Center, Inc.*, 2013 WL 593842, at *2 n.2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction"). Additionally, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319; *see also* Fed. R. Civ. P. 12(f).

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts have held that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See Adams v. JP Morgan Chase Bank, N.A.*, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011); *see also Moore v. R. Craig Hemphill & Assocs.*, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014). Others have concluded that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only provide fair notice of the nature of the defense and the grounds upon which it rests. *See, e.g.*, *Gonzalez v. Midland Credit Mgmt., Inc.*, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013); *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744 (N.D. Ga. June 13, 2011); *Jackson v. City of Centreville*, 269 F.R.D. 661 (N.D. Ala. 2010); *Blanc v. Safetouch, Inc.*, 2008 WL 4059786 (M.D. Fla. Aug. 27, 2008); *Romero v. S. Waste Sys., LLC*, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009); *Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013); *Ramnarine*, 2013 WL 1788503 at *1.

The difference in language between Rules 8(a) and Rule 8(b) is subtle but significant. While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the

language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See also Moore*, 2014 WL 2527162 at *2 (Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing'"); *Floyd*, 2011 WL 2441744 at *7 ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Similar to Rule 8(b), Rule 8(c) simply requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.'" *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)).

This Court concludes that affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal

Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

## III. DISCUSSION

### A. Motion for Judgment on the Pleadings

Defendant seeks judgment on the pleadings as to Plaintiff's claim for negligence (Count I), arguing that Plaintiff has failed to allege that she provided pre-suit notice. "Florida's doctrine of sovereign immunity prohibits a lawsuit against the state or one of its agencies or subdivisions without the government's consent." *Doe v. Charter Sch. USA, Inc.*, No. 1:15-CV-22282, 2016 WL 111364, at *1–2 (S.D. Fla. Jan. 11, 2016) (citing *Cauley v. City of Jacksonville*, 403 So. 2d 379, 381 (Fla. 1981)). Florida, however, has waived that sovereign immunity in cases involving tort violations. Pursuant to Fla. Stat. § 768.28, to benefit from that waiver, a claimant must provide written notice of any claim before filing suit. Section 768.28 provides in pertinent part:

> An action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency, and also, except as to any claim against a municipality or the Florida Space Authority, presents such claim in writing to the Department of Financial Services, within 3 years after such claim accrues and the Department of Financial Services or the appropriate agency denies the claim in writing;
>
> * * *
>
> For purposes of this section, the requirements of notice to the agency and denial of the claim pursuant to paragraph (a) are conditions precedent to maintaining an action but shall not be deemed to be elements of the cause of action and shall not affect the date on which the cause of action accrues.

Fla. Stat. § 768.28(6)(a) and (b).

Pursuant to the statute, a plaintiff must satisfy the notice requirements prior to maintaining a lawsuit against a subdivision of the State, "and the complaint must contain an allegation that such notice was given." *Fletcher v. City of Miami*, 567 F. Supp. 2d 1389, 1393 (S.D. Fla. 2008) (quoting *Diversified Numismatics, Inc. v. City of Orlando, Fla.*, 783 F. Supp. 1337, 1347 (M.D. Fla. 1990)). Generally, an action pursued without first satisfying the statutory notice provision must be dismissed without prejudice, so that plaintiff may amend his complaint to comply with the requirement. *Id.* (citation omitted). However, where the time for notice has expired and it is evident that the plaintiff cannot fulfill the requirement, a dismissal with prejudice is warranted. *Id.* (citing *Wagatha v. City of Satellite Beach*, 865 So. 2d 620, 622 (Fla. 5th DCA 2004)).

Defendant argues that G-Star, as a public charter school, is entitled to pre-suit notice of state law tort claims. Under Fla. Stat. § 1002.33, charter schools are deemed "part of the state's program of public education" and "[a]ll charter schools in Florida are public schools." Fla. Stat. § 1002.33(1). "A charter school shall organize as, or be operated by, a nonprofit organization." *Id.* § 1002.33(12)(i). "For purposes of tort liability, the governing body and employees of a charter school shall be governed by [section] 768.28." *Id.* § 1002.33(12)(h). Defendant asserts that the nonprofit organization that charters the school—here, Defendant—constitutes the "governing body" and is therefore entitled to pre-suit notice, which Plaintiff has failed to do.

Plaintiff avers that under the principle of *expressio unius est exclusio alterius*, by expressly conferring sovereign immunity on the "governing body" and "employees" but not the "charter school" itself, the legislature did not intend to extend immunity to a charter school entity. Plaintiff conclusorily maintains that this language limits sovereign immunity to

"individuals, consisting of the 'governing body' and 'employees' of a charter school." Reply, ECF No. [33] at 2. Plaintiff also cites to a portion of failed legislation which contained broader language explicitly encompassing charter schools in "the same immunity to suit possessed by school districts[.]" *See* Resp., ECF No. [32] at 6 (quoting failed Senate Bills 1030 and 1808, attached as Ex. C, ECF No. [32-3]).[1] Based on this failed legislation, Plaintiff maintains that we must infer that it was not the legislature's intent to confer immunity upon charter schools. According to Plaintiff, because section 1002.33(12) does not specifically confer immunity upon charter schools pursuant to section 768.28, Defendant would have to satisfy the "control" test—*i.e.*, Defendant would need to allege facts demonstrating that the Palm Beach County School Board controls the day-to-day operations of the school. *See Shands Teaching Hosp. & Clinics, Inc. v. Lee*, 478 So. 2d 77 (Fla. 1st DCA 1988).

The Court declines to adopt Plaintiff's analysis and instead agrees with Defendant and the Florida Circuit Court's decision in *Q.C. et al. v. Palm Beach Sch. for Autism, Inc.*, No. 2014-CA-000871 (Fla. 15th Cir. Ct. Dec. 10, 2014), attached as Ex. A, ECF No. [28-1]. In that case, plaintiffs asserted claims of negligence and loss of consortium, alleging that the school was negligent in hiring, supervising, and retaining an employee who allegedly physically and sexually abused the minor plaintiff, and in training its employees to report suspected abuse. The Court determined that the defendant nonprofit organization constituted the "governing body" of the school and was therefore covered under section 768.28. The court reasoned that it appeared the nonprofit was the equivalent of a school board, which typically is the named defendant in the

[1] The Court notes that the remainder of that portion of the failed legislation reads: "If a school district generally indemnifies its teaching personnel, it shall similarly indemnify the teaching personnel of a charter public school within that school district. A charter public school shall have the authority to indemnify its employees to the extent that they are not already indemnified by the school district." Ex. C at 14-15. It is unclear whether that portion of the legislation failed as a result of the language explicitly extending immunity to charter schools or the language regarding indemnification.

context of suits involving public schools. The Court further explained that "it appears that the governing body would be the appropriate party in this action because Plaintiffs have alleged negligence in hiring, supervising, retaining, and training its employees"—responsibilities typically charged to a governing body. *Id.* at 4; *see also Doe No. 50 et al. v. Charter Sch. USA, Inc. et al.*, No. 2014-28393-CA-01 (Fla. 11th Cir. Ct. May 11, 2015), attached as Ex. B, ECF No. [28-1] (dismissing without prejudice claims against charter school defendants for plaintiffs' failure to provide pre-suit notice pursuant to section 726.28).

Under Florida law, the governing body of a charter school is the entity charged with "continuing oversight over charter school operations." Fla. Stat. § 1002.33(9)(i). Plaintiff has specifically alleged in the Complaint that Defendant "controls the performance and day-to-day operations of the School." Am. Compl. ¶ 4. Here, similar to the allegations in *Q.C.*, Plaintiff has alleged breach of Defendant's duty in hiring, retaining, and supervising Martinez; maintaining adequate policies and procedures to protect students; providing adequate training of teachers and staff; and warning Plaintiff's parents that Plaintiff was in danger or at risk of sexual abuse at the school. All of these allegations seem to track the responsibilities of the governing board contemplated in section 1002.33. Pursuant to section 1002.33(7), "[t]he major issues involving the operation of a charter school shall be considered in advance and written in the charter" and "[t]he charter shall be signed by the governing board of the charter school and the sponsor . . . ." Fla. Stat. § 1002.33(7). "The charter shall address and criteria for approval of the charter shall be based on . . . [t]he qualifications to be required of the teachers and the potential strategies used to recruit hire, train, and retain qualified staff to achieve best value." *Id.* § 1002.33(7)(a)(14). Likewise, "[e]ach charter school's governing board must appoint a representative to facilitate

parental involvement, provide access to information, assist parents with questions and concerns, and resolve disputes." *Id.* § 1002.33(9)(p)(2).

At least one judge in this District has contemplated—without fully reaching the issue—that section 768.28 applies to a charter school. *See Charter Sch. USA*, 2016 WL 111364. In *Charter School USA*, the Court denied a motion to dismiss filed by one defendant, Renaissance Charter School, Inc., because the complaint did not allege whether the school was a charter school and that determination would have required the Court to go outside the pleadings. *Id.* at *2. However, the Court specifically noted that "[o]nly if [it] is the case [that the school] is a charter school can Renaissance be considered a subdivision of the state, bringing it within the auspices of Section 768.28(6)." *Id.* The other two defendants in the case, Charter Schools USA, Inc. and Charter Schools USA at Keys Gate L.C., also filed a motion to dismiss "for failure to comply with the statutorily prescribed notice requirement of Florida Statute 768.28(6)." *Id.* The plaintiffs did not oppose the motion, and the Court found sufficient cause for granting the motion by default, dismissing the action without prejudice as to those two defendants.

Here, Plaintiff has specifically pleaded that G-Star is a charter school, but has failed to plead that she has provided Defendant with pre-suit notice as required under section 768.28(6)(a) and dismissal is, therefore, appropriate. *See Fletcher*, 567 F. Supp. 2d at 1393. Defendant urges the Court to dismiss this action with prejudice, arguing that Plaintiff's claim accrued more than three years ago—specifically, when Plaintiff was fifteen years old. However, the Court is unable to determine, based upon the four corners of the Complaint, whether Plaintiff's claim accrued over three years ago. Indeed, the Complaint repeatedly alleges that the inappropriate relationship between Plaintiff and Martinez continued throughout Plaintiff's junior and senior year of high school. *See* Compl. ¶ 13-14. Further, Plaintiff asserts that her parents were purportedly left

unaware of any problem or issue involving Plaintiff and her claim therefore did not accrue until she could act on it herself when she turned eighteen years old. Because the date upon which Plaintiff's claim accrued cannot be determined at this stage of the proceedings, the Court dismisses Count I of the Complaint without prejudice.

### B. Motion to Strike

#### 1. Defense One, Six, and Seven (sovereign immunity defenses)

Defendant's first, sixth, and seventh affirmative defenses relate to its assertion of sovereign immunity and Plaintiff's failure to provide pre-suit notice pursuant to Fla. Stat. §768.28. The Court having already determined that section 768.28 applies to Defendant, Plaintiff's request to dismiss or strike these affirmative defenses is denied as moot.

#### 2. Defense Three

Defendant's third affirmative defense asserts that "Defendant cannot be found to have violated Title IX because it has an effective policy for reporting and redressing sexual harassment and other types of sex discrimination." Am. Answer at 6. Plaintiff asserts that this is not a recognized legal defense to a Title IX claim. Specifically, this defense was discussed only in the dissent to the Supreme Court's seminal Title IX decision, *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 306-07 118 S. Ct. 1989, 2007, 141 L. Ed. 2d 277 (1998) (Ginsburg, J, dissenting) ("I would recognize as an affirmative defense to a Title IX charge of sexual harassment, an effective policy for reporting and redressing such misconduct."). Plaintiff maintains that in the years since *Gebser*, it has not been held to be a viable defense to a Title IX claim. *See* Mot. at 8 (citing *Doe v. Sch. Bd. of Broward Cty*, 604 F.3d 1248 (11th Cir. 2010)).

Defendant urges, however, that the issue is unsettled as "no court has held that the implementation of an effective policy for reporting and redressing sexual harassment is not an

affirmative defense to a Title IX action." Resp., ECF No. [31] at 5. It appears that the parties agree on at least one thing—that no court has affirmatively held such defense applies (or does not apply) in a Title IX case. However, at least one Eleventh Circuit case appears to contemplate the application of Justice Ginsburg's *Gebser* dissent. In *Hawkins v. Sarasota Cty. Sch. Bd.*, the Eleventh Circuit determined that in order to consider the issue of whether notice to a teacher constitutes actual knowledge, it would be necessary to examine Florida's organization of its public schools, the school district's discrimination policies and procedures, and the specific facts and circumstances of the particular case. 322 F.3d 1279, 1286 (11th Cir. 2003). The Court also noted that Florida has enacted the Florida Education Equity Act, and it is unclear how its procedures may affect the notice analysis and any finding of deliberate indifference. *Id.* In a footnote, the Court further noted that, pursuant to the Act, each school district is directed to submit a plan of implementation which must include the policy of nondiscrimination adopted by the school board and include grievance and complaint procedures available to students and parents. *Id.* at 1286, n. 8. Upon recognizing this requirement, the Court cited to Justice Ginsburg's dissent in *Gebser*. *Id.* ("In *Gebser*, Justice Ginsburg, dissenting on behalf of three of the justices, suggested that the Court recognize as an affirmative defense to a Title IX charge of sexual harassment an effective policy for reporting and redressing such conduct."). Although certainly not conclusive of the applicability of this potential defense to a Title IX action, in light of an absence of case law foreclosing the use of the defense, the Court declines to strike Defendant's third proffered affirmative defense.

**3. Defense Eight**

Defendant's eighth affirmative defense asserts that "Defendant at all times acted reasonably and with a good faith belief that its actions were lawful and not in violation of any

federal or state right." Am. Answer at 7. Plaintiff moves to strike this defense, arguing that it is nothing more than a denial and not an affirmative defense to either of Plaintiff's claims. Although the defense lacks factual detail, it puts Plaintiff on notice that Defendant will be raising the issue of its good faith belief that its actions were lawful. However, to the extent that this defense merely denies Plaintiff's allegations, the proper remedy is for the Court to treat it as a specific denial, not to strike it. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988). However, "[i]n attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004)). Federal courts in Florida and elsewhere have repeatedly held that "[w]hen this occurs, the proper remedy is not strike the claim, but rather to treat it as a specific denial." *Id. See also Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671-72 (S.D. Fla. 2013) (denying plaintiff's motion to strike denials labeled as affirmative defenses and instead treating them as specific denials); *Bartram, LLC v. Landmark Am. Ins. Co.*, 2010 WL 4736830, at *2 (N.D. Fla. Nov. 16, 2010); *Ohio Nat'l Life Assur. Corp. v. Langkau*, 2006 WL 2355571, at *1-2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any substantial prejudice to the pleader."). Because this specific denial is closely related to the controversy,

Plaintiff cannot maintain that it would be prejudiced by being forced to undertake discovery related to it.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment on the Pleadings as to Count I, **ECF No. [28]**, is **GRANTED**.
2. Count I of the Complaint is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may refile Count I against Defendant after complying with the pre-suit requirements of Fla. Stat. § 768.28(6).
3. Plaintiff's Motion to Strike, **ECF No. [27]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 6th day of September, 2016.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

Counsel of record