**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 16-cv-80446-BLOOM/Valle**

JANE DOE NO. 60,

Plaintiff,

v.

G-STAR SCHOOL OF THE ARTS, INC.,

Defendant.

______________________________/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant G-Star School of the Arts, Inc.'s ("Defendant" or "G-Star School") Motion to Dismiss Count I of Plaintiff's Second Amended Complaint, ECF No. [78] (the "Motion"). The Court has reviewed the Motion, all opposing and supporting submissions, the record and the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

## I. BACKGROUND

The parties' familiarity with the procedural and factual background of this case is assumed. *See* ECF No. [84]. Relevant here, this action was brought by minor Plaintiff Jane Doe No. 60 ("Plaintiff") and arises out of the alleged sexual harassment and assault of Plaintiff by one of her high school teachers at G-Star School, a not-for-profit charter school. Specifically, Plaintiff alleges that an inappropriate relationship formed between her and her tenth grade history teacher, Ismael Martinez ("Martinez"), following a sexual encounter between the two of them that occurred in Martinez's classroom in April 2012—when Plaintiff was fifteen years old. *See* ECF No. [74] at ¶¶ 8, 24. According to Plaintiff, while she remained a student at G-Star

School her parents were never made aware of the alleged April 2012 sexual encounter or her ensuing relationship with Martinez, which continued throughout her eleventh and twelfth grade years. *See id.* at ¶¶ 26-27.

After graduating from G-Star School in 2014, Plaintiff filed the instant action against G-Star School on March 21, 2016, and, in an Amended Complaint filed on April 25, 2016, ECF No. [6], asserted a claim for negligence (Count I) and a claim for violations of Title IX, 20 U.S.C. § 1681 *et seq.* (Count II). On September 6, 2016, the Court granted a Motion for Judgment on the Pleadings filed by G-Star School, dismissing Plaintiff's negligence claim without prejudice for Plaintiff's failure to allege that G-Star School was provided with pre-suit notice as required under Fla. Stat. § 768.28(6) (2016). ECF No. [35]. The Court advised that Plaintiff would be allowed to refile the negligence claim after complying with the pre-suit notice requirements of Fla. Stat. § 768.28(6). *Id.* at 15.

On April 14, 2017, the Court, satisfied that Plaintiff had since complied with the pre-suit notice requirements of Fla. Stat. § 768.28(6), granted Plaintiff leave to file a Second Amended Complaint reasserting the negligence claim against Defendant, which Plaintiff filed on April 19, 2017. *See* ECF Nos. [72], [74]. The Second Amended Complaint indicates that Plaintiff provided G-Star School with pre-suit notice on September 27, 2016. ECF No. [74] at ¶ 31. In its Motion, G-Star School seeks dismissal of Plaintiff's negligence claim with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant argues that the negligence claim is now barred because, as reflected in the Second Amended Complaint, Plaintiff failed to provide pre-suit notice to G-Star School within three years from the time of the alleged April 2012 sexual encounter—the time her alleged injury occurred—as required by Fla. Stat. § 768.28(6)(a).

## II. LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the Rule 8 pleading requirements, a complaint must provide the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, (2002). While a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Supreme Court has emphasized that "[t]o survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Am. Dental Assoc. v. Cigna Corp.*, 605 F.3d 1283, 1288-90 (11th Cir. 2010). "Dismissal pursuant to Rule 12(b)(6) is not appropriate 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

## III. DISCUSSION

Pursuant to Fla. Stat. § 768.28, Florida's sovereign immunity statute, "[a]n action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency . . . within 3 years after such claim *accrues* and . . . the appropriate agency denies the claim in writing . . . ." Fla. Stat. § 768.28(6)(a) (emphasis added).[1] "Generally, an action pursued without first satisfying the statutory notice provision must be dismissed without prejudice, so that plaintiff may amend his complaint to comply with the requirement. . . . However, where the time for notice has expired and it is evident that the plaintiff cannot fulfill the requirement, a dismissal with prejudice is warranted." *Schaeffer v. Sch. Bd. of Broward Cty., Fla.*, 69 F. Supp. 3d 1327, 1329 (S.D. Fla. 2014) (internal citations omitted). With respect to accrual, "[a] statute of limitations 'runs from the time the cause of action accrues' which, in turn, is generally determined by the date 'when the last element constituting the cause of action occurs.'" *Hearndon v. Graham*, 767 So. 2d 1179, 1184–85 (Fla. 2000) (quoting Fla. Stat § 95.031 (1987)).

G-Star School contends that Plaintiff's claim accrued on April 2012, which is when G-Star School would have allegedly failed to protect Plaintiff from the sexual encounter that took place in Martinez's classroom. ECF No. [78] at 6. As such, G-Star School argues that the pre-suit notice provided by Plaintiff on September 27, 2016 was untimely, having been provided well after three years had passed since the alleged April 2012 sexual encounter. *Id.* Plaintiff, emphasizing that the Second Amended Complaint alleges that "Plaintiff's parents had no notice

[1] Under Fla. Stat. § 1002.33 (2016), charter schools such as G-Star School are deemed "part of the state's program of public education . . ." and "[a]ll charter schools in Florida are public schools." Fla. Stat. § 1002.33(1). Further, "[a] charter school shall organize as, or be operated by, a nonprofit organization[,]" *id.* § 1002.33(12)(i), and "[f]or purposes of tort liability, the governing body and employees of a charter school shall be governed by [section] 768.28[,]" *id.* § 1002.33(12)(h).

or knowledge in the relevant time period of facts concerning the sexually abusive and inappropriate relationship between teacher Martinez and [Plaintiff,]" counters that in this case accrual is a question of fact based on notice to Plaintiff's parents that cannot be determined on a motion to dismiss. ECF No. [81] at 4-5, 9. The issue before the Court, then, is at what point in time Plaintiff's negligence claim against G-Star School accrued for purposes of the pre-suit notice requirement under Fla. Stat. § 768.28(6)(a).

This issue necessarily concerns areas of Florida substantive law. "In rendering a decision based on state substantive law, a federal court must decide the case the way it appears the state's highest court would. Where the state's highest court has not spoken to an issue, a federal court must adhere to the decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001) (internal quotation marks and citations omitted). "Where, however, there is a conflict within the district courts of appeal, this Court must attempt to divine how the Supreme Court of Florida would resolve that conflict." *Albizu-Ayala v. Pitney Bowes, Inc.*, 2003 WL 25629693, at *2 (S.D. Fla. July 22, 2003); *see also JB Oxford Holdings, Inc. v. Net Trade, Inc.*, 76 F. Supp. 2d 1363, 1366 (S.D. Fla. 1999) ("Florida's intermediate appellate courts are divided over the meaning of subsection (l)(b) and the Florida Supreme Court has not resolved the conflict. Thus, the normal course would be for this court to discern how the Florida Supreme Court would rule if confronted with the issue."). Here, the Florida Supreme Court has not addressed the particular issue at hand, and, as the parties have alerted to, there is a split of authority amongst the Florida District Courts of Appeal on the issue.

Although the Florida Supreme Court has not addressed the specific issue in this case, two of its decisions bear particular relevance to the issue. In *Hearndon v. Graham*, 767 So. 2d 1179 (Fla. 2000), the Florida Supreme Court applied the “delayed discovery” doctrine, which generally provides that a cause of action does not accrue until the plaintiff either knows or reasonably should know of the tortious act giving rise to the cause of action, to facts somewhat similar to those of this case. The plaintiff in *Hearndon* asserted a cause of action against her stepfather in 1991 for injuries resulting from childhood sexual abuse that began in 1968, when she was eight, and continued until 1975, when she turned fifteen. *Id.* at 1181. The Florida Supreme Court accepted for purposes of its review that the plaintiff’s childhood sexual abuse caused her to suppress or lose memory of the events for several years and that she later filed suit upon recalling the abuse. *Id.* at 1182. After explaining the difference between the delayed accrual of a cause of action and the tolling of limitations once the limitations period is triggered, the Florida Supreme Court held that the delayed discovery doctrine applies to “causes of action alleging subsequent recollection of childhood sexual abuse[,]” reasoning that the doctrine was appropriate in such cases because the lack of memory was caused by the abuser—i.e., the delayed discovery was attributable to the abuser. *Id.* at 1182, 1185-86. In doing so, *Hearndon* made clear that the delayed discovery doctrine operates to delay the accrual of a cause of action, rather than to toll the relevant statute of limitations.

In *Davis v. Monahan*, 832 So. 2d 708 (Fla. 2002), the Florida Supreme Court held that the delayed discovery doctrine applies only when the Florida legislature has provided for its application by statute. The Florida Supreme Court explained, in relevant part, as follows:

> The Florida Legislature has stated that a cause of action accrues or begins to run when the last element of the cause of action occurs. An exception is made for claims of fraud and products liability in which the accrual of the causes of action is delayed until the plaintiff either knows or should know that the last element of

> the cause of action occurred. The [l]egislature has also imposed a delayed discovery rule in cases of professional malpractice, medical malpractice, and intentional torts based on abuse.
>
> . . . .
>
> Aside from the provisions above for the delayed accrual of a cause of action in cases of fraud, products liability, professional and medical malpractice, and intentional torts based on abuse, there is no other statutory basis for the delayed discovery rule.

*Id.* at 709-10 (citing Fla. Stat § 95.031, and Fla. Stat. § 95.11(4) (Supp. 2000)) (footnote omitted).[2] In so holding, the Florida Supreme Court declined to extend *Hearndon* to the facts before it—which involved an elderly woman's causes of action against various family members based on those family members' misappropriation of her financial assets—and further clarified that *Hearndon* is limited to the specific facts of that case. *Davis*, 832 So. 2d at 712 ("The majority of the transactions complained of occurred from 1990 to 1992. The initial complaint was filed in 1997. . . . [T]he Florida statutory scheme does not allow for the delayed discovery rule in this particular type of case, and *Hearndon* is limited to the specific facts in that case. . . .").

With that backdrop in mind, the parties cite to two conflicting and very recent decisions from Florida's District Courts of Appeal in support of their respective positions. G-Star School cites to *D.H. By and Through R.H. v. Adept Cmty. Servs., Inc.*, --- So. 3d ----, 2017 WL 1277741 (Fla. 2d DCA Apr. 5, 2017), which involved a negligence suit filed on behalf of two minor twins by their grandparents against two companies that had provided in-home support to the twins' developmentally disabled mother, with whom the twins had previously lived. The twins were eventually removed from the mother's custody after a petition was filed in dependency court alleging abandonment, abuse, and neglect, and the grandparents were later appointed the

[2] The exception for claims of fraud and products liability is provided by Fla. Stat §§ 95.031(1)-(2), and the application of the delayed discovery rule in cases of professional malpractice, medical malpractice, and intentional torts based on abuse is provided by Fla. Stat. § 95.11(4).

permanent guardians. *Id.* at *1. The negligence complaint, which was filed on November 22, 2010, alleged that the two defendant companies knew that the mother required round-the-clock help to take care of the twins yet negligently provided services that left the twins alone in the mother's care. *Id.* at *2. Through discovery, it was determined that the twins had suffered a cognizable injury as early as April 11, 2006—the date they were removed from the mother's custody. *Id.* at *4. The trial court ultimately entered summary judgment in favor of the defendant companies on the basis that the twins' negligence claim was time barred.[3] *Id.* at *2. On appeal, the Second District Court of Appeal examined whether the twins' negligence claim had accrued within the applicable four-year limitations period.[4] *See id.* at *3-5. The Second District Court of Appeal found that it did not, and instead determined that April 11, 2006 constituted the accrual date. *Id.* at *4.

Most relevant here, the parties disputed on appeal the timing of when the twins' grandparents knew or should have known of the invasion of the twins' legal rights. *Id.* at *3. Notably, however, the Second District Court of Appeal rejected at the outset the notion agreed upon by the parties that, "when a minor's negligence claim is at issue, the cause of action accrues when an adult with authority to sue on the minor's behalf knows or should know of the minor's injury and its connection to the defendant's negligence." *Id.* The Second District Court of Appeal reasoned as follows:

> [T]he premise upon which [the parties' arguments] are based has been invalidated by the supreme court. The "knew or should know" accrual rule for negligence is an *expression of the delayed discovery doctrine* under which a cause of action does not accrue for statute of limitations purposes until the plaintiff knows or reasonably should know of the invasion of his or her rights. See Hearndon, 767 So.2d at 1184. In Davis v. Monahan, 832 So.2d 708 (Fla. 2002), the supreme

[3] The statute of limitations for negligence claims in Florida is four years. Fla. Stat. § 95.11(3)(a).

[4] The Second District Court of Appeal also separately examined whether the limitations period had been sufficiently tolled. *See id.* at *3, *7-8. The Court notes, however, that no tolling issues are presented with respect to the specific grounds upon which G-Star School seeks dismissal of Plaintiff's negligence claim.

> court held that the doctrine applies only when the legislature has by statute provided that it does.
>
> . . . .
>
> The sole exception to the rule that the delayed discovery doctrine does not apply unless the legislature has so stated involves intentional torts based on childhood sexual abuse.
>
> . . . .
>
> Davis thus makes clear that unless another statute provides differently, courts applying a statute of limitations must follow the default rule codified in section 95.031 that "[a] cause of action accrues when the last element constituting the cause of action occurs."

*Id.* at *3-4 (emphasis added).

Accordingly, the Second District Court of Appeal concluded that the delayed discovery doctrine is not applicable to causes of action alleging ordinary negligence, and went on to explain that "the grandparents' knowledge of the alleged invasion of the twins' rights is not pertinent to when the twins' negligence causes of action accrued." *Id.* at *4. To the extent that there are "cases that have held that notwithstanding the presence of cognizable injury, a minor's cause of action cannot be deemed to have accrued until there is a person capable of bring that cause of action on the minor's behalf[,]" the Second District Court of Appeal deemed that rationale invalidated by *Davis*. *Id.* at *5 (citing *Drake By and Through Fletcher v. Island Cmty. Church, Inc.*, 462 So. 2d 1142 (Fla. 3d DCA 1984)). The Second District Court of Appeal explained:

> [T]he existence of a person who can bring the claim on the minor's behalf is not relevant to the question of accrual. The negligence cause of action accrues when there is a cognizable injury—the last element constituting that cause of action—regardless of whether there is an adult to bring the claim. To require, as an additional condition to the accrual of a minor's cause of action, that there also be an adult capable of bringing the claim involves inserting words into a statute that the legislature did not put there, an exercise that is foreclosed to us.

*Id.*

By contrast, in *Doe No. 3 v. Nur-UI-Islam Academy, Inc.*, --- So. 3d ----, 2017 WL 1076928 (Fla. 4th DCA Mar. 22, 2017), cited to by Plaintiff, the Fourth District Court of Appeal took the opposite approach. In *Nur-UI-Islam Academy*, the plaintiff, a former student at a private school operated by a mosque, brought suit against the mosque in 2014, asserting claims for negligence, mental and emotional child abuse, and negligent hiring, retention, or supervision, all stemming from the alleged sexual abuse of plaintiff by one of her teachers that began in 2004. *Id.* at *1-2. The trial court dismissed with prejudice the plaintiff's complaint, presumably on the basis that the plaintiff's claims were barred by the statute of limitations. *See id.* at *2. On appeal, after determining that the plaintiff's cause of action did not begin to accrue until her parents knew or should have known of the alleged abuse (or she reached age eighteen), the Fourth District Court of Appeal reversed the dismissal with prejudice of the complaint because the complaint did not specifically identify a date when the cause of action accrued. *See id.* at *2-5.

In doing so, the Fourth District Court of Appeal focused its analysis specifically on Florida Rule of Civil Procedure 1.210(b), which does not allow a minor to bring suit on his or her own behalf, and followed suit with a line of Florida cases that tie accrual to knowledge on behalf of an individual with capacity to sue. *Id.* at *3 (citing *Berger v. Jackson*, 23 So. 2d 265, 269 (Fla. 1945); *Drake*, 462 So. 2d 1142; *S.A.P. v. State*, 704 So. 2d 583, 585-86 (Fla. 1st DCA 1997)). In 1945, the Florida Supreme Court held in *Berger* that "[a] cause of action cannot be said to have accrued, within the meaning of that statute, until an action can be instituted thereon. There must be some person capable of suing or being sued upon the claim in order for the statute to begin to run.'" 23 So. 2d at 269. Relying on the principle articulated in *Berger*, the Third

District Court of Appeal in *Drake* reversed the dismissal of a minor's negligence claim arising from child sexual abuse, reasoning as follows:

> In Florida, a minor child is incapable of bringing an action in his own behalf. *See* Fla. R. Civ. P. 1.210(b). It follows, then, that the statute of limitations could not begin to run against the minor child in the present case until the parent knew or reasonably should have known those facts which supported a cause of action. Since the complaint in this action alleges that the parent did not have this knowledge, the statute did not commence to run as a matter of law against the minor child.

462 So. 2d at 1144. Likewise, in *S.A.P.*, the First District Court of Appeal came to the same conclusion:

> Under Florida Rule of Civil Procedure 1.210 a minor is incapable of bringing an action on his or her own behalf, but can only sue by and through a guardian ad litem, next friend, or other duly appointed representative. Thus, the statute of limitations will begin to run as to the parents or the legal guardian of the minor, in their capacity of next friend, when the parents or guardian knew or reasonably should have known of the invasion of legal rights.

704 So. 2d at 585-86 (citing *Drake*, 462 So. 2d at 1144).

In the Fourth District Court of Appeal's view, the above mentioned cases and the application of rule 1.210(b) do not represent a variation on the application of the delayed discovery doctrine—which appears to have been the view of the Second District Court of Appeal in *Adept Community Services*—but are instead "different from the principles of the delayed discovery doctrine." *Nur-UI-Islam Academy*, 2017 WL 1076928, at *3. The Fourth District Court of Appeal reasoned as follows:

> The rationale for protecting minors using rule 1.210(b) in conjunction with the statute of limitations (an adult must bring the action, so the adult must have knowledge of the injury) to delay accrual of the cause of action is different from the rationale for protecting minors under the doctrine of delayed discovery (the trauma of the injury induces suppression of consciousness) to delay accrual.

*Id.*

Having carefully considered the authorities described above, this Court concludes that if the Florida Supreme Court were to address the issue at hand, it would rule consistently with the Fourth District Court of Appeal in *Nur-UI-Islam Academy*. To be sure, the Court in no way questions the soundness of the Second District Court of Appeal's reasoning in *Adept Community Services* with respect to the contours of the delayed discovery doctrine within the relevant Florida statutory framework. That said, like the Fourth District Court of Appeal, the Court is not convinced that the particular circumstances in this case—particularly that rule 1.210(b) effectively prohibited Plaintiff from bringing suit on her own behalf until she reached age eighteen—implicate the delayed discovery doctrine (either directly or by some alternative expression of the doctrine). And, more importantly, the Court does not believe that the Florida Supreme Court would be so convinced either.

As Plaintiff points out, the Florida Supreme Court in *Berger* first articulated the principal that a cause of action cannot be said to have accrued until there exists some person capable of initiating the action (and some person or entity whom the action could be initiated against). 23 So. 2d at 269. Importantly, G-Star School cites to no authority indicating the erosion of that principal, old as it may be. To the contrary, the Florida Supreme Court has since reiterated on numerous occasions that a cause of action cannot be said to have accrued *until the action can be brought*, and it has done so even after its decision in *Davis* and even when recognizing that, pursuant to Fla. Stat. § 95.031(1), a cause of action accrues when the last element constituting the action occurs. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Lee*, 678 So. 2d 818, 821 (Fla. 1996) ("[A] cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until an action may be brought.") (citing *Loewer v. N.Y. Life Ins. Co.*, 773 F. Supp.

1518, 1521 (M.D. Fla. 1991))[5]; *Kipnis v. Bayerische Hypo-Und Vereinsbank, AG*, 202 So. 3d 859, 861 (Fla. 2016) ("A cause of action accrues when the last element constituting the cause of action occurs. . . . [A] cause of action cannot be said to have accrued, within the meaning of the statute of limitations, until an action may be brought.") (quoting Fla. Stat. § 95.031(1), and *State Farm*, 678 So. 2d at 821) (internal citations omitted and alternation in original), *opinion after certified question answered*, 844 F.3d 944 (11th Cir. 2016). Indeed, the *Davis* court never mentioned *Berger*, let alone overrule it, and it did not have before it a minor's claim (and the import of rule 1.210(b)) or an accrual issue relating to whether a person capable of bringing a claim in a representative capacity had notice.

It would seem, then, that in the context of accrual, the delayed discovery doctrine—delaying the accrual of a cause of action based upon knowledge of the tortious acts giving rise to it—operates separate and apart from the equally important consideration of whether at a given time the action can be brought in the first place—which, as *Berger* established, necessarily depends on whether there exists a "person capable of suing." 23 So. 2d at 269. Here, by the plain terms of rule 1.210(b), Plaintiff simply could not have previously brought the negligence claim she now asserts, at least not on her own, having only reached the age of fifteen when the alleged April 2012 sexual encounter occurred. And without knowledge on the part of someone who could bring the claim—i.e., Plaintiff's parents—*Berger* would dictate that a person capable of bringing suit did not exist, which in turn would mean under Florida Supreme Court precedent that the suit could not have, at that time, been brought at all. *See State Farm*, 678 So. 2d at 821;

[5] In *Loewer*, cited to by the Florida Supreme Court's *State Farm* decision, the Middle District of Florida cited to the Florida Supreme Court's *Berger* decision and stated as follows: "A cause of action cannot be said to have accrued, within the meaning of the statute of limitations, however, until an action may be brought. *There must be some person capable of suing or being sued upon the claim in order for the statute to begin to run*." *Loewer*, 773 F. Supp. 1518 at 1521 (quoting *Berger*, 23 So. 2d at 269) (internal quotations marks omitted and emphasis added).

*Kipnis*, 202 So. 3d at 861; *see also A.G.D. ex rel. Dortch v. Siegel*, 2009 WL 4421259, at *4 (S.D. Fla. Nov. 25, 2009) ("In Florida, a minor child is incapable of bringing an action in his own behalf. Accordingly, the statute of limitations does not begin to run in a case of abuse against the minor child, such as the present case, until the parent knew or reasonably should have known those facts which supported a cause of action.") (internal quotation marks and citation omitted).

Accordingly, the Court holds that the three-year time period during which Plaintiff had to bring pre-suit notice to G-Star School began to run on either the date she reached the age of majority or the date her parents knew or should have known about the alleged abuse, whichever came earlier. In any event, based on the facts alleged in the Second Amended Complaint, the Notice of Claim provided to G-Star School, ECF No. [78-1], fell within three years of both dates. Specifically, as indicated on the Notice of Claim—which is incorporated by reference in the Second Amended Complaint, *see* ECF No. [74] at ¶ 31—Plaintiff turned eighteen in August 2014, which means that less than three years had passed after Plaintiff reached the age of majority by the time the Notice of Claim was provided on September 27, 2016. Further, the Second Amended Complaint alleges that school officials at G-Star School never informed Plaintiff's parents about the possibility of any inappropriate relationship with a teacher and that Plaintiff's parents "were left unaware of any problem or issue involving [Plaintiff] and Martinez." *Id.* at ¶ 26. Notably, the Notice of Claim indicates that the first time Plaintiff spoke with an adult seeking help regarding the situation with Martinez was in November 2014, when she called a suicide hotline. ECF No. [78-1]. As such, based on the facts alleged, the Court

infers that the earliest Plaintiff's parents could have been made aware of the abuse would have been November 2014—after Plaintiff had turned eighteen.[6]

Based on the foregoing, Plaintiff's negligence claim is not subject to dismissal with prejudice on the basis that Plaintiff failed to provide G-Star School with pre-suit notice in a timely manner in accordance with Fla. Stat. § 768.28(6)(a).

## IV. CONCLUSION

For all of the reasons stated herein, it is **ORDERED AND ADJUDGED** that

1. Defendant's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint, **ECF No. [78]**, is **DENIED**.
2. Defendant shall file an Amended Answer to Plaintiff's Second Amended Complaint that includes its response to Count I – Negligence **no later than May 26, 2017.**

**DONE AND ORDERED** in Miami, Florida this 19th day of May, 2017.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

[6] As a backup argument, G-Star School contends that the applicable four-year statute of limitations on Plaintiff's negligence claim also expired. *See* ECF No. [78] at 7. But, by extension, that argument is defeated by the Court's conclusion that the earliest Plaintiff's negligence claim accrued was when she turned eighteen in August 2014, as the Second Amended Complaint was filed within four years from that date on April 19, 2017. *See* ECF No. [74].